# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

TENA L. GUEVARA                                                                   PLAINTIFF

V.                              NO. 3:22-CV-00295-JTK

SOCIAL SECURITY ADMINISTRATION                                   DEFENDANT

## ORDER

### I. Introduction:

Plaintiff, Tena L. Guevara ("Guevara"), applied for disability and supplemental security income benefits on May 7, 2019. (Tr. at 167). In the applications, Guevara alleged disability beginning on June 12, 2018. *Id*. The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Guevara's application on November 5, 2020. (Tr. at 178).

The Appeals Council remanded the applications for further review. (Tr. at 185-187). In its Order, the Appeals Council directed an ALJ to further consider Guevara's past relevant work and vocational evidence. *Id*.

A second hearing before an ALJ was held on September 23, 2021. (Tr. at 17). That ALJ denied Guevara's applications on November 10, 2021. (Tr. at 29).

The Appeals Council denied Guevara's request for review on October 17, 2022. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the

Commissioner, and Guevara has requested judicial review.

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

## II. The Commissioner's Decision:

The ALJ found that Guevara had not engaged in substantial gainful activity since the alleged onset date of June 12, 2018.[2] (Tr. at 19). At Step Two, the ALJ found that Guevara had the following severe impairments: degenerative disc disease of the lumbar spine with radiculopathy, degenerative disc disease of the cervical spine, borderline obesity, diabetes mellitus, bilateral carpal tunnel syndrome, and degenerative joint disease of the right knee. (Tr. at 20).

At Step Three, the ALJ determined that Guevara's impairments did not meet or equal a listed impairment. (Tr. at 21). Before proceeding to Step Four, the ALJ determined that Guevara had the residual functional capacity ("RFC") to perform work at the light exertional level, with some additional limitations: (1) no more than frequent handling bilaterally; (2) no more than occasional climbing of ramps and

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

stairs, and no more than occasional stopping, kneeling, crouching, and crawling; (3) never climbing ladders, ropes, or scaffolds; (4) must avoid concentrated exposure to excessive vibration. *Id*.

At Step Four, the ALJ determined that Guevara is capable of performing past relevant work as a convenience store manager. (Tr. at 28). Therefore, the ALJ concluded that Guevara was not disabled. *Id.*

### III. Discussion:

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. Guevara's Arguments on Appeal

Guevara contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that the ALJ did not properly evaluate Guevara's subjective complaints, that the ALJ erred at Step Two and Step Five, and that the ALJ erred in the handling of medical opinions. The Court agrees with Guevara's final argument.

Objective imaging showed that Guevara had carpal tunnel syndrome and lumbar and cervical degenerative disc disease. A lumbar MRI from 2019 showed disc bulges with broad-based disc protrusion. (Tr. at 545-546). A cervical MRI from 2019 showed disc herniation, disc protrusion, and canal stenosis at four levels. (Tr. at 549). Guevara had radiating pain and weakness in her extremities, with neck pain

4

and headaches. (Tr. at 582). She saw her PCP and a D.O. for treatment of her back and neck pain. Treatment included injections, medications, and nerve blocks. (Tr. at 710-756, 800-847). There was minimal improvement from these measures, but the pain returned. At clinic exams, it was noted that Guevara walked with a limp and had positive straight-leg raises. (Tr. at 722-733).

Guevara said she was not able to do many daily activities without pain; her ability to perform simple chores was limited. (Tr. at 23, 426-429).

On June 7, 2020, Dr. Travis Richardson, D.O., issued an opinion stating that Guevara was unable to stand or walk for long periods of time and could lift less than 10 pounds. (Tr. at 674-675). She would require unscheduled breaks and would regularly miss more than two days of work per month. *Id*.

The ALJ found this opinion unpersuasive, citing to the fact that Richardson was only a DO and not an orthopedist.[3] (Tr. at 27-28). He said that Dr. Richardson did not consider her daily activities, which Guevara testified at the hearing were

---

[3] ALJs are required to analyze whether opinion evidence is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017); *Bonnett v Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021); *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

quite limited. The ALJ wrote that the opinion was inconsistent with objective testing. But the objective testing, as noted above, showed serious conditions with symptoms that did not respond to treatment. Moreover, results of clinical exams were not inconsistent with Dr. Richardson's statements.

Guevara's PCP, Roger Cagle, M.D., also issued an opinion, stating that she could not stand/walk for six hours per workday, and would need the use of a cane, and could not lift or carry 20 pounds. (Tr. at 848-849). Dr. Cagle also wrote that she would miss more than three days of work per month and would need unscheduled breaks. The ALJ also found this opinion unpersuasive, stating, in boilerplate form, that it was inconsistent with daily activities and objective evidence. (Tr. at 27-28).

Both of these opinions were consistent with one another and with the record evidence. The ALJ gave inadequate reasons for discounting them, when they accurately reflected Guevara's condition and work capacity. Also, the opinions did not square with the RFC for light work. Guevara had serious impairments, treated them aggressively, and still did not achieve good symptom control. The two doctors merely put this in writing. The ALJ erred by fully discounting both opinions.

## IV.  Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ failed to adequately assess the doctors'

opinions. The decision is hereby reversed and the case remanded with instructions for further review.

    IT IS SO ORDERED this 13th day of December, 2023.

_____
UNITED STATES MAGISTRATE JUDGE